1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SUSAN FLORES, an individual, | Case No. 2:15-cv-03065 R VBK |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| COSTCO WHOLESALE CORPORATION, a corporation, DOES 1 to 25, inclusive, | |
| Defendants. | |

## I.   FINDINGS OF FACT

1. Plaintiff, since before December 2012 and continuing to present, has worked as a front end cashier at Costco's Azusa, California warehouse. Dkt 20-2 (Deposition of Plaintiff Susan Flores ("Plaintiff's Dep.") 13:6-14:25, Exh. 1 (Plaintiff's Verified Complaint for Damages ("Compl.") ¶ 8), 106:3-107:4).

2. On October 21, 2014, at around 12:45 p.m., Plaintiff felt the need to use the restroom. Dkt 20-2 (Compl. ¶ 16; Plaintiff's Dep. 17:5-19).

3. Before she reached the restroom, Plaintiff got some amount of urine on her undergarments. Dkt 20-2 (Compl. ¶ 24; Plaintiff's Dep. 42:18-43:5); Dkt 20-5 (Sanchez Dep. 30:20-23).

4. On February 26, 2015, Plaintiff entered a compromise and release agreement for $10,000 for her workers' compensation claim for the October 21, 2014 incident. Dkt 21 (RJN, Exh. B); Dkt 20-2 (Plaintiff's Dep. 117:2-25, 119:3-7, Exh. 9).

5. The workers' compensation appeals board approved the February 26, 2015 compromise and release on March 17, 2015. Dkt 21 (RJN, Exh. C).

## II.   CONCLUSIONS OF LAW

6. Workers' compensation law typically provides the exclusive remedy for employee injuries arising out of and in the course of employment when the statutorily specified conditions of compensation occur. *Claxton v. Waters*, 34 Cal. 4th 367 (2004). Claims stemming from conduct contrary to fundamental public policy are not limited, however, to the exclusivity provisions of workers' compensation law.

7. A general waiver arising out of a workers' compensation settlement will not limit the ability of future civil claims absent explicit language in the waiver to the contrary. Where the claims contemplated by the workers' compensation settlement have already been resolved by the agreement, however, equitable principles preclude double recovery for employees. *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143 (1998).

8. Plaintiff here claims damages stemming from an incident where defendant allegedly failed to provide legally required disability accommodations. As a result of this alleged incident, Plaintiff experienced harm, both physical and emotional, stemming from the stress and embarrassment of the incident. In recognition of these harms, Plaintiff entered into a workers' compensation agreement to compensate her for her injures.

9. While Plaintiff would not simply from this settlement eliminate her ability to bring any additional claims stemming from this incident under the California Fair Employment and Housing Act ("FEHA"), she may not, as a matter of equity, receive multiple awards arising out of the same injury caused by the same actions or omissions occurring in the same incident. *Claxton*, 34 Cal. 4th at 372-73; *City of Moorpark*, 18 Cal. 4th at 1158. To permit such repetitive recovery would allow for a conceivably endless scope of liability on the defendant.

10. Because, here, Plaintiff's FEHA claim seeks recovery for the same alleged injury caused by the same alleged actions or omissions occurring in the same incident as she already recovered for in her workers' compensation settlement, equity prevents repetitive recovery.

### III. CONCLUSION

11. Costco is entitled to judgment in its favor with respect to all claims.

Dated: February 16, 2016

Honorable Manuel L. Real
United States District Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW